T. P. MADDEN et al., Respondents, v. FRANK ASHMAN et al., Appellants.

## No. 2161; April 12, 1870.

Appeal—Evidence not in Statement.—On appeal no evidence can be considered not inserted in the statement, the presumption being that all the evidence on the specified points is in the transcript.

Appeal.—A Judgment Based on Findings Wrongly Arrived at will not be affirmed on the ground that on all the evidence offered and received the plaintiff ought to have recovered, since the defendant might show in a new trial that, notwithstanding such evidence, the plaintiff was not, for some reason, entitled to recover.

APPEAL from Sixth Judicial District, Sacramento County.

Cadwallader for respondents; Sturr for appellants.

TEMPLE, J.—This is an action to recover real estate. The complaint is in the usual form. The answer contains a general and specific denial and also a plea of the statute of limitations.

On the trial the plaintiff put in evidence a patent from the United States to John A. Sutter, dated within five years before the commencement of the action, and proved his deraignment under this patent and that defendants were in possession, and rested.

The defendants then put in evidence a deed from John A. Sutter to John A. Sutter, Jr., dated prior to the conveyance under which the plaintiff claims. They also proved their possession for thirteen years before suit was brought.

Plaintiffs, in rebuttal, put in evidence a deed from John A. Sutter, Jr., to Mesick, dated after the deed from Sutter, Sr., to Sutter, Jr., and prior to a deed from Mesick to plaintiffs, which was also put in evidence.

This deed purports to convey a lot in San Francisco and also two certain "grants made by the Mexican government to John Augustus Sutter, the one by John B. Alvarada for eleven leagues, the other made by Micheltoreno, calling for twenty-two leagues of land."

This deed was objected to, because it did not appear to embrace the land in controversy. No evidence was offered tend-

ing to establish the fact that the deed did embrace the land. The evidence introduced by the defendants seems to establish that the title did not pass to plaintiffs by the deed first put in evidence by them. And the evidence does not show that they ever acquired title to the premises, unless it was included in this deed from Sutter, Jr., to Mesick, and there being no evidence upon that point, the plaintiffs did not prove title in themselves.

It is possible that the patent to John A. Sutter, which had been already put in evidence, contains sufficient recitals to show that it was issued in confirmation of one of the grants mentioned in this deed. If so, the court was justified in finding that the title to the demanded premises passed by it to Mesick. But the defendant, in his statement on his motion for a new trial, specifies as one of the grounds of his motion that the evidence does not show that the deed includes the premises in controversy. If there was evidence at the trial tending to establish this fact, it then became the duty of the plaintiff to have it inserted in the statement; and if the recital of the patent would show that fact, it should have been set out under the rule we have established. We must presume that all the evidence upon the specified points is in the transcript: Hidden v. Jordan, 28 Cal. 301.

The court, however, found that the title passed to Mesick from Sutter, Jr., by this deed, and this finding is duly excepted to by defendants. It is not even contended here that this finding is sustained by the evidence contained in the transcript, but on the trial the plaintiffs offered a deed from John A. Sutter, Jr., to Witztar and others, and a deed from Witztar (and his cotenants under that deed) to Mesick. This deed is said to include the land in controversy, but the deed was excluded upon objection on the part of defendants, on the ground that the acknowledgment was defective. The plaintiff has caused this acknowledgment to be inserted in the transcript, and insists that the deed ought to have been admitted, and that this court seeing from the facts of the whole case, as presented in the transcript, that, upon all the evidence received and offered, the plaintiffs ought to have recovered, will affirm the judgment, although the court arrived at its conclusion through a wrong channel. The appeal not being taken on the part of the plaintiff, he cannot complain of errors

to his detriment, and if he could, such errors would require a new trial for their correction. If the deed had been admitted, the defendants may have been able to show, nevertheless, that for some reason the plaintiffs ought not to be allowed to recover. To affirm this judgment upon the record would be to admit evidence upon one side in this court, and, to that extent, practically to deny the defendants the benefit of a trial at all.

The judgment is reversed and a new trial ordered.

We concur: Wallace, J.; Crockett, J.; Rhodes, C. J.; Sprague, J.